**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TALIB ALI,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-01674-BAS-MMP

**ORDER:**

**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**

**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)**

Petitioner Talib Ali filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was released on his own recognizance. (ECF No. 1.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released. In light of this ruling, the Court finds the Motion for a Temporary Restraining Order ("TRO") is **MOOT**. (ECF No. 2.)

- 1 -

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of India, entered the United States on April 18, 2023.  (ECF No. 1 ¶ 2.)  Although he alleges he entered without inspection, Petitioner also claims that shortly after entry, he was briefly detained.  (*Id.*)  The Department of Homeland Security ("DHS"), apparently finding he posed neither a danger to the community nor a risk of flight, released Petitioner on certain conditions.  (*Id.* ¶ 3.)  Petitioner has fully complied with all these conditions of release.  (*Id.* ¶¶ 4, 8.)  He was given work authorization and has been employed as a commercial truck driver.  (*Id.* ¶ 7.)  On March 3, 2026, DHS re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community.  (*Id.* ¶¶ 9–10, 14–15.) Petitioner seeks immediate release or a bond hearing.

## III.    ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that Petitioner was not detained at the border and, thus, pursuant to this Court's previous rulings, is entitled to a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 6.)  However, this Court's previous rulings applied only to individuals who entered without inspection and were not apprehended upon arrival.  *See*, *e.g.*, *Gregorio v. LaRose*, No. 25-cv-3322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Martinez Zayas v. Gordon*, No. 26-cv-237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2,

26cv1674

2026); *Trujillo v. Noem*, No. 26-cv-268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).   It is not clear from the Petition whether or not Petitioner was apprehended at the border upon arrival.

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty.  *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers).   Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner, finding he was not a flight risk or a danger to the community in April 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released.  If DHS believes circumstances have changed, it must provide notice of these

26cv1674

changed circumstances to Petitioner and provide Petitioner with an opportunity to be heard promptly before an Immigration Judge.  Hence, the Court **GRANTS** the Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Talib Ali (A#246-775-771) be released forthwith on the same terms and conditions as he was ordered released in April 2023.

In light of this order, the Court **DENIES** the Motion for a TRO as moot.  (ECF No. 2.)  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1674